

| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | MATTHEW P. NEALON<br>*Special Assistant Corporation Counsel*<br>Tel.: (212) 356-0874<br>mnealon@law.nyc.gov<br>**Cell-(718) 541-3705** |

December 20, 2021

**VIA ECF**
Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

> The requests are granted.  The stay is extended, *nunc pro tunc*, from December 17, 2021 to March 17, 2022.  The status conference scheduled for January 7, 2022 is adjourned to March 18, 2022. So ordered.
> /s/ Alvin K. Hellerstein
> December 20, 2021

Re:   R.B. v. NYC Dep't of Educ., 20-cv-6117 (AKH)(RWL)

Dear Judge Hellerstein:

I am Special Assistant Corporation Counsel in the office of Corporation Counsel Georgia M. Pestana, attorney for Defendants in the above-referenced action, wherein Plaintiffs seek solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20. U.S.C.§1400, *et. seq*. ("IDEA"), as well as for this action.

I write to respectfully request a continued stay of this action for an additional 90 days, *nunc pro tunc*, from December 17, 2021 to March 17, 2022, with a corollary adjournment of the conference scheduled for January 7, 2022.  The first stay, ordered by Your Honor on September 17, 2021 (ECF 10), expired December 17, 2021.  Plaintiff consents to this request.  Defendant apologizes for the lateness of this request and the inconvenience for the Court; despite multiple efforts to obtain Plaintiff's agreement to produce billing records together with consent for a further stay, I was unable to obtain that agreement and consent until December 16, and due to a calendaring error on my part, failed to file this letter motion timely.

As the parties have previously informed the Court in prior letter motions (ECF 6, 7, 9, 14), this IDEA fees-only application cannot be resolved unless and until Plaintiffs' counsel provides contemporaneous billing records (for work that was performed over four years ago).   Liability is not at issue in this matter, rather, only the reasonableness of the fees sought.

Assuming Plaintiffs' counsel produces the records by December 23, 2021, as agreed, the requested stay would provide Defendant with sufficient time to review the billing records together with the administrative record, complete its internal settlement process and present a fair

settlement offer. We note that Defendant has fully resolved many dozens of similar IDEA fees-only actions brought by the Roller firm with only one going to motion practice and see no reason thus far why this case will not take that same course.

   Therefore, Defendant respectfully requests that the Court extend the stay of his action, *nunc pro tunc*, to March 17, 2022, with a status letter due by that date either informing the Court that the matter has been fully resolved, or, proposing a briefing schedule.

  Thank you for considering these requests.

                Respectfully submitted,

                Matthew P. Nealon
                 /s/
                Special Assistant Corporation Counsel

cc:  Irina Roller, Esq. (via ECF)